**GOOD GUSTAFSON AUMAIS LLP**
Christopher T. Aumais (Cal. Bar No. 249901)
2330 Westwood Blvd., No. 103
Los Angeles, CA 90064
Tel: (310) 274-4663
cta@ggallp.com

**THE SMITH LAW FIRM, PLLC**
R. ALLEN SMITH, Esq.*
300 Concourse Blvd., Suite 104
Ridgeland, MS 39157
Tel: (601) 952-1422
asmith@smith-law.org

**THE KEETON FIRM LLC**
Steffan T. Keeton, Esq.*
100 S Commons, Ste. 102
Pittsburgh PA 15212
Tel: (888) 412-5291
stkeeton@keetonfirm.com

**SHENAQ PC**
Amir Shenaq, Esq.*
3500 Lenox Rd. Ste 1500
Atlanta, GA 30326
Tel: (888) 909-9993
amir@shenaqpc.com

*Pro hac vice* forthcoming

Counsel for Plaintiffs and the Proposed Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jenny Houtchens and Samantha Ramirez, individually, and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>Defendant. | CASE NO. 5:22-cv-02638-BLF<br><br>**DECLARATION OF J. RYAN GUSTAFSON IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS**<br><br>Date: November 3, 2022<br>Time: 9:00 a.m.<br>Courtroom: 1<br>Judge: Hon. Beth Labson Freeman |

– 1 –

– 2 –

I, J. Ryan Gustafson, hereby declare as follows:

1. I am a member at Good Gustafson Aumais LLP, one of the law firms representing the Plaintiffs in this cause of action.

2. Upon information and belief, I understand that Fitbit currently markets and sells nine models of Fitbit smartwatches and trackers online. *See* https://www.fitbit.com/global/us/products. Notably, these devices are being sold under the "Products" section of the website, as opposed to the "Technology" section.

3. It is only upon utilization of Fitbit products' technology after the purchase of a Fitbit product, by signing up for and creating a Fitbit account, does a consumer have any notice of a putative arbitration agreement.

4. After the purchase of a Fitbit product, a consumer may sign up for and create a Fitbit account without being forced to read Fitbit's Terms of Service, or otherwise being aware of a putative arbitration agreement.

5. Should a consumer elect to read Fitbit's Terms of Service, a consumer must read 3,659 words before reaching Section 23 of the Terms of Service, which contains the putative arbitration agreement.

6. Upon information and belief, a Fitbit product can be turned on and off, charged, and worn without ever downloading the Fitbit app or creating a Fitbit account.

7. At the time a consumer purchases a Fitbit product, a consumer has no notice of or access to any putative arbitration agreement.

8. Counsel for Plaintiffs have reviewed the external packaging of the following Fitbit products: Versa 2, Sense, Charge 5, Versa 3, Ace 3, Luxe, Versa Lite, Charge 3, and Ionic. Photographs showing the sides of the boxes for each of these products are documented in Exhibits A through I, respectively. Said Exhibits are attached to this Declaration.

– 2 –

9. There is no reference to or mention of *any* disclaimers waiving legal rights on the external packaging for each of the aforementioned Fitbit products. Specifically, there is no reference to any putative arbitration agreement on the external packaging of the products documented in Exhibits A through I.

10. Upon information and belief, there are no disclaimers or any arbitration language on the external packaging of any Fitbit product that would provide a consumer with any notice that they would be subjecting themselves to a putative arbitration agreement when making their purchase.

11. Upon information and belief, Fitbit competitor, Samsung, prominently displays its arbitration agreement on the external packaging of its Samsung Galaxy and Active watches, as well as within the internal packaging. Exhibit J shows the arbitration agreement consumers purchasing Samsung fitness trackers see when buying the product and the arbitration agreement they see upon opening the product.

12. Counsel for Plaintiffs have observed consumers unboxing their brand-new Fitbit products, still in packaging, and showcasing their device. Specifically, I have observed the unboxing of the Ionic, Versa 2, Versa Lite, Charge 3, and Luxe devices.

13. Although the packaging slightly varies from product to product, notice of a putative arbitration agreement does not. There is no notice of such agreement contained in any internal Fitbit product packaging.

14. The only "paperwork" in the box are the setup instructions and the product/safety manual, which is either buried below the packaging containing the device charger and can only be accessed when one pulls out the separate compartment holding the product, or sealed in an envelope within the packaging that could easily be overlooked and discarded.

15. No putative arbitration agreement or language regarding terms of service falls from the box when the box is opened, nor is such putative arbitration agreement even buried within the

packaging.

16. Exhibits A-I and K attached to this Declaration shows how these products are packaged. Noticeably absent from these photos is a putative arbitration agreement or notice of any kind suggesting that purchase of such product may be subject to a putative arbitration agreement.

17. The photos in Exhibit K illustrate the nonobvious manner in which Fitbit provides any legal information to its consumers. Despite containing legal information in multiple languages, none of the legal information provided on the outside packaging or within the materials contained within packaging provides notice of or relates to a putative arbitration agreement.

I declare under penalty of perjury that this Declaration and its corresponding exhibits are true and correct.

Dated: September 15, 2022         /s/ J. Ryan Gustafson

J. Ryan Gustafson

*Counsel for Plaintiffs and the Proposed Class*